AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

Southern District of New York

Local 210 Health and Insurance Fund, Local 310
Pension Fund, Local 210 Scholarship and
Education Fund and Local 210 Annuity Fund

V.

Guild Platers, Inc. and Robert Andris

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER: 07 CIV 7189

TO: (Name and address of Defendant)

Guild Platers, Inc.
48-09 25th Avenue
Long Island City, N.Y.
11103

Guild Platers, Inc.
195 Duke Street
Louisa, Virginia
23093

Robert Andris
195 Duke Street
Louisa, Virginia
23093

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Raab, Sturm & Goldman, LLP.
Attention: Ira A. Sturm
317 Madison Avenue, Suite 1708
New York, New York 10017
212-683-6699

an answer to the complaint which is served on you with this summons, within     20     days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON

DATE AUG 1 3 2007

CLERK

(By) DEPUTY CLERK

◎AO 440 (Rev. 8/01) Summons in a Civil Action

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and complaint was made by me[(1)] | DATE |
| NAME OF SERVER (PRINT) | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

    Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL $0.00 |

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____    _____
                  Date                *Signature of Server*

                                          _____
                                          *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
LOCAL 210 HEALTH AND INSURANCE FUND,
LOCAL 210 PENSION FUND, LOCAL 210
SCHOLARSHIP AND EDUCATION FUND,
AND LOCAL 210 ANNUITY FUND,

                                    Plaintiffs,

   -against-

GUILD PLATERS, INC. and ROBERT ANDRIS,

                                  Defendants.
------------------------------------------------------------X

**COMPLAINT**

DOCKET NO. 07-CV-____



Plaintiffs, Local 210 Health and Insurance Fund ("Health Fund"), Local 210 Pension Fund, ("Pension Fund"), Local 210 Scholarship and Education Fund ("Scholarship Fund"), and Local 210 Annuity Fund ("Annuity Fund"), herein sometimes collectively referred to as the "Funds", by their attorneys Raab, Sturm & Goldman, LLC, as and for their Complaint against Guild Platers, Inc. ("Defendant Guild") and Robert Andris ("Defendant Andris"), respectfully allege as follows:

### NATURE OF ACTION

1.    This is a civil action brought pursuant to Sections 502(a)(3) and 515 of the Employee Retirement Income Security Act, as amended (29 U.S.C. §§ 1132(a)(3), 1145), (hereinafter referred to as "ERISA") and Section 301 of the Labor-Management Relations Act of 1947 (29 U.S.C. § 185) (hereinafter referred to as the "Taft-Hartley Act"), by an employee welfare benefit fund, an employee pension benefit fund, an employee scholarship and education fund, and an employee annuity benefit fund for damages for breach of a court ordered settlement and for monetary damages. This Complaint alleges that by failing, refusing or neglecting to

1

pay and submit the required monetary contributions pursuant to the court ordered settlement when due, Defendant Guild violated the settlement, its collective bargaining agreements, and the respective trust agreements of the Funds, and ERISA. The action also includes claims against Defendant Andris, as he has personally guaranteed the debts of Defendant Guild in this matter.

## JURISDICTION

2.  Jurisdiction of this Court is invoked under the following statutes:

    (a)  Section 502(e)(1) and (f) of ERISA (29 U.S.C. § 1132(e)(1) and (f);

    (b)  Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185);

    (c)  28 U.S.C. Section 1331 (federal question); and

    (d)  28 U.S.C. Section 1337 (civil actions arising under an Act of Congress regulating commerce).

## VENUE

3.  Venue properly lies in this district under Section 502(e)(2) of ERISA (29 U.S.C. § 1132(e)(2)). Service of process may be made on Defendants in any other district in which they may be found, pursuant to Section 502(e)(2) of ERISA (29 U.S.C. § 1132(6)(2)).

4.  Defendants have consented to the venue of this Court

## PARTIES

5.  The Funds are jointly-administered, multi-employer, labor-management trust funds established and maintained pursuant to various collective bargaining agreements in accordance with Section 302(c)(5) of the Taft-Hartley Act (29 U.S.C. § 186(c)(5)). The Funds are employee benefit plans within the meaning of Sections 3(2), 3(3) and 502(d)(1)

of ERISA (29 U.S.C. § 1002(2),(3), and 1132(d)(1)), and multi-employer plans within the meaning of Sections 3(37) and 515 of ERISA (29 U.S.C. §§ 1002(37) and 1145). The Funds are authorized to maintain suit as independent legal entities under Section 502(d)(1) of ERISA (29 U.S.C. § 1132(d)(1)). The purpose of the Funds is to receive contributions from employers who are parties to collective bargaining agreements with International Brotherhood of Teamsters, Local 210, ("Union"), to invest and maintain those monies, and to distribute pensions, health and insurance benefits, and annuity payments to those employees eligible to receive them. The Funds maintain their offices and are administered at 110 Wall Street, New York, New York, in the City, County, and State of New York.

6. The Union is a labor organization within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. § 185) which represents employees in an industry affecting commerce as defined in Section 501 of the Taft-Hartley Act (29 U.S.C. § 142) and Section 3(4) of ERISA (29 U.S.C. § 1002(4)). The Union maintains its offices and is administered at 110 Wall Street, New York, New York, in the City, County, and State of New York.

7. Upon information and belief, at all times material hereto Defendant Guild was and continues to be a for-profit domestic corporation doing business in the County of Queens, in the City of New York, and State of New York, as well as doing business in the State of Virginia as an employer within the meaning of Sections 3(5) and 515 of ERISA (29 U.S.C. §§ 1002(5) and 1145), and was and is an employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. § 185). Further, upon information and belief, Defendant Guild is party to a collective bargaining agreement (hereinafter the "Agreement") with the Union wherein, *inter alia*, Defendant Guild became

8. obligated to pay and/or submit the required monetary contributions and/or reports to the Funds, pursuant to the Agreement with Union.

8. On January 15, 2004, The Funds commenced an action in the United States District Court, Southern District of New York, Docket No. 04-CV-00316 (VM), wherein the Funds sought to collect delinquent contributions and withdrawal liability sums against Defendant Guild.

9. In October 2004, a settlement agreement was entered into between and among the Funds, Defendant Guild and Defendant Andris ("Settlement"). The Settlement was entered into as a result of Defendant Guild's failure to make periodic contributions owed to the Funds between January 1, 2001 and June 1, 2004 and Defendant Guild's having withdrawn from the Pension Fund, incurring withdrawal liability under ERISA, as alleged in the aforedescribed action.

10. On October 28, 2004, the Honorable Victor Marrero, United States District Judge for the Southern District of New York, "So-Ordered" the terms of the Settlement.

11. The Settlement required, *inter alia*, that Defendant Guild make periodic payments to the Funds and in the event that Defendant Guild failed to make any of the required payments, it would be in default, unless the default was cured on a timely basis.

12. At various times, Defendant Guild had been in default of the Settlement and although noticed of the default, had failed and refused to timely cure same.

13. A second action was commenced by the Funds and docketed in the United States District Court for the Southern District of New York under Docket No. 06-CV-2259. On October 3, 2006 the Honorable Victor Marrero, United States District Judge for the Southern District of New York "So-Ordered" the terms of a renegotiated settlement. ("Second Settlement").

The terms and conditions of the Second Settlement are incorporated herein and made a part hereof.

14. The Second Settlement, as the earlier one, required, inter alia, that Defendant Guild make periodic payments to the Funds and in the event that Defendant Guild failed to make any of the required payments, it would be in default, unless the default was cured on a timely basis.

15. At various times, Defendant Guild has been in default of the Second Settlement and at the present time, Defendant Guild, although noticed of the default, has failed and refused to timely cure same.

16. Pursuant to the terms of the Second Settlement Defendant Guild and Defendant Andris each executed affidavits of confessions of judgment which, upon the occurrence of a default, permitted the Funds the right to enter and docket the judgment amount ($209,448.00), less the amounts paid under the Second Settlement.

17. Prior to the default Defendant Guild submitted nine thousand dollars in payments under the Second Settlement prior to the default.

18. Based upon the above, judgments should be entered against Defendant Andris and defendant Guild, making them jointly and severally liable to the Funds in the amount of $200,448.00.

19. Pursuant to Section 502 (g) of ERISA the Funds are entitled to an assessment of attorneys fees and costs incurred in connection with obtaining the relief sought herein.

WHEREFORE Plaintiffs demand judgment against Robert Andris and Guild Platers, Inc., jointly and severally, in the amount of $200,448.00, plus costs, disbursements, attorneys fees and such other and further relief as is just and proper in the circumstances.

Dated: New York, New York
August 9, 2007

RAAB, STURM & GOLDMAN, LLP

By: _____
Ira A. Sturm (IS-2042)
*Attorneys for Plaintiffs Funds*
317 Madison Avenue, Suite 1708
New York, New York 10017
Tel. (212) 683-6699
Fax (212) 779-8596

To: Guild Platers, Inc.
195 Duke Street
Louisa Virginia 23093

Robert Andris
3645 Worchester Lane
Keswick, Virginia 22947

Robert Andris
195 Duke Street
Louisa, Virginia 20393