*06 CW. 2259*

## STIPULATION OF SETTLEMENT

This Stipulation of Settlement, entered into the 28th day of September, 2006, between and among the Employer, Guild Platers, Inc. ("Employer"), Robert Andris ("Andris"), and Local 210 Health & Insurance Fund, Local 210 Pension Fund, Local 210 Scholarship & Education Fund and Local 210 Annuity Fund (collectively referred to as the "Benefit Funds"):

WHEREAS, the International Brotherhood of Teamsters, Local 210 and Employer are parties to a collective bargaining agreement (the "CBA") covering certain employees employed by Employer; and

WHEREAS, the CBA requires that Employer, inter alia, make periodic contributions to the Benefit Funds; and

WHEREAS, Employer has failed to make certain contributions to the Benefit Funds for the period January 1, 2001 through and including June 1, 2004; and

WHEREAS, the amounts due and owing by Employer to the Benefit Funds as of June 1, 2004 are as follows:

$366,300.00 as the full balance owed to the Benefit Funds for the period through June 1, 2004 inclusive, which figure represents full principal and interest as well as withdrawal liability, owed by the Employer to the Benefit Funds.

-1-

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10-4-06

WHEREAS, Employer is currently unable to pay to the Benefit Funds the full amounts that are currently due and owing and has requested that the Benefit Funds agree to a schedule for payment; and

WHEREAS, the Employer has withdrawn from the Pension Fund triggering an assessment of withdrawal liability; and

WHEREAS, the Benefit Funds, the Employer and Andris are parties to a settlement covering the above debts to the Benefit Funds; and

WHEREAS, the Benefit Funds commenced an action in the United States District Court, Southern District of New York, Docket No. 06-CV-2259, to enforce terms of the settlement against the Employer and Andris; and

WHEREAS, Andris is the principal of Employer and has agreed to personally guarantee the monies owed by Employer pursuant to this agreement;

WHEREAS, the parties wish to renegotiate the terms of the settlement;

IT IS THEREFORE stipulated and agreed that the settlement previously entered into by the parties is vacated and deemed null and void, and a new settlement, the terms of which are set forth below, shall become effective upon signing of this settlement and the documents referred to therein and upon payment of the first payment obligation therein.

NOW, THEREFORE, in consideration of good and valuable consideration and upon the mutual covenants and promises contained herein, it is hereby stipulated and agreed by and among Employer, Andris and the Benefit Funds as follows:

1. Within ten (10) days of the signing of this Agreement, the Employer shall pay to the Benefit Funds the sum of $3,000.00. Thereafter, beginning with November 1, 2006 and continuing for 3 consecutive months thereafter, the Employer shall pay to the Benefit Fund three (3) monthly payments each in the sum of $3,000.00. Beginning March 1, 2006, and continuing for 24 consecutive months thereafter, the Employer shall pay to the Benefit Fund 24 monthly payments each in the sum of $5,174.00.

2. Contemporaneously herewith, Employer and Andris shall execute an Affidavit of Confession of Judgement in favor of the Benefit Funds, in the amount of $209,448.00, which figure represents the full liability as set forth above in the summary of monies owed in the fourth whereas clause and unassessed liquidated damages, less the sums paid under the previous settlement. The Benefit Funds shall neither file nor docket the Judgment, but shall hold same in escrow, unless and until Employer defaults hereunder and said default is not cured by Employer, as described in paragraph 3, below. Further, Benefit Funds agree to refrain from taking any action, in law or equity, to collect the amount confessed to be due

unless and until Employer defaults hereunder and said default is not cured by Employer, as described in paragraph 3, below. Upon full payment of all amounts due hereunder, the Benefit Funds shall return the original affidavit of confession of judgment to Employer. Payment of the amounts due shall be by certified or bank check payable to the Local 210 Health and Insurance Fund. Payments shall be made by delivery of the first payment by certified or bank check to the office of Raab, Sturm and Goldman, LLP, 330 Madison Avenue, New York, New York, Suite 2010, and thereafter the monthly payments to Local 210 Health and Insurance Fund at 110 Wall Street, New York, New York or to such other address as the Employer may direct by the Benefit Funds.

3. In the event Employer fails to make any payment on the payment due dates as set forth in paragraph 1 above, Employer shall be deemed to be in default under this Stipulation of Settlement. In the event Employer fails to cure said default in the manner described below, the entire amount due and owing hereunder including the previously unassessed liquidated damages, of $ 209,448.00 less the total amount of payments made hereunder, shall become accelerated and shall become immediately due to Benefit Funds, and the Benefit Funds shall be permitted, without any further notice, to enter and docket in Court the Confessions of Judgment less the total amount of payments made hereunder, as well as take any and all other or additional steps, in law or equity, necessary to execute upon and

-4-

satisfy the Judgment entered pursuant to this Stipulation of Settlement, and/or to otherwise collect such amount. The Employer shall be deemed in default if it fails to cure within ten calendar days of receipt of a notice from the Benefit Funds, or their attorneys that the Employer is in default and thereafter the Employer does not make the requisite payment within said ten calendar days. Notices of default shall be sent to the Employer by certified mail addressed to Robert Andris, 195 Duke Street, Louisa, Virginia 23093. Notices shall be deemed received by the Employer the day after mailing.

4. This Stipulation of Settlement settles and resolves all claims asserted in the lawsuit commenced against Employer in United States District Court, Southern District of New York, in the matter captioned, <u>Local 210 Health and Insurance Fund et. al. v. Guild Platers, Inc.</u> Docket No. 06-CV-2259, which will be voluntarily discontinued with prejudice, upon the signing of this agreement. This stipulation shall be so ordered by the court and will have the effect of a Court Order.

5. The Union and Benefit Funds hereby release Employer from any and all liability, claims and/or causes of action with respect to any claim for contributions, liquidated damages, attorneys fees, interest or any other monies alleged to be due to the Benefit Funds which have been brought or could have been brought from the beginning of time through the date of this Agreement, including any claims for withdrawal liability assessable under ERISA.

-5-

6. The Employer may prepay the entire amounts due without penalty and if the Employer prepays, upon full payment, the Fund shall return the Confession of Judgment described above in paragraph 2.

7. Robert Andris personally guarantees the obligations of the Employer as set forth herein. In the event of a default by the Employer, which default is not timely cured, the Funds may enter the confession of judgment against Andris in his personal capacity for the amount of the default, plus costs, disbursements and attorney fees. Andris consents to the jurisdiction of the United States District Court for the Southern District of New York and Andris agrees to accept service of process in any such action by regular mail sent to Robert Andris, 195 Duke Street, Louisa, Virginia, 23093.

8. Notwithstanding the above, the Employer and Andris further stipulate that in the event of default as described herein, the confessions of judgment may be entered in the United States District Court for Virginia and/or any other Virginia state or local court having jurisdiction over the parties. Upon default, judgment may be entered without further notice to the Employer or Andris.

9. This Stipulation shall become effective upon the signature of all parties to this Agreement and the receipt of the Benefit Funds of the payment of $3,000.00, described above in paragraph 1.

IN WITNESS WHEREOF, Guild Platers Inc., Robert Andris, Local 210 Health & Insurance Fund, Local 210 Pension Fund, Local 210 Scholarship & Education Fund and Local 210 Annuity Fund have duly executed this Stipulation of Settlement on the dates set forth below.

GUILD PLATERS INC.

By: _____
Robert Andris, President

On this 28th day of September, 2006, before me came, to me known, who by me duly sworn, did depose and state that deponent is the President of Guild Platers Inc.; and that he executed the foregoing Stipulation of Settlement by order of the Board of Directors of Guild Platers Inc.; and that deponent signed his name by like order.

_____
Notary Public

ROBERT ANDRIS

ARI GANCHROW
Notary Public, State of New York
No. 02GA6129583
Qualified in New York County
Commission Expires June 27, 2009

By: _____
Robert Andris

On this 28th day of September, 2006, before me came, to me known, who, by me duly sworn, did depose and state that deponent is Robert Andris; and that he executed the foregoing Stipulation  of Settlement; and that deponent signed his name by like order.

_____
Notary Public



ARI GANCHROW
Notary Public, State of New York
No. 02GA6129583
Qualified in New York County
Commission Expires June 27, 2009

LOCAL 210 HEALTH & INSURANCE FUND
LOCAL 210 PENSION FUND
LOCAL 210 SCHOLARSHIP & EDUCATION FUND
LOCAL 210 ANNUITY FUND

By: _____ attorney

SO ORDERED _____      DATE: 3 October 2006
            U.S.D.J.   Victor Marrero